UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
K. GRAEFE AND SONS CORP. d/b/a NORTH RIVER,
SHIPYARD, and VAN HOUTEN HOLDING CORP.,

                          Plaintiffs,                    CASE 21-CV-6644(CS)

     -against-                              **STIPULATION FOR THE**
                                                    **EXCHANGE OF**
VILLAGE OF UPPER NYACK,                        **CONFIDENTIAL**
                                                      **INFORMATION**
                        Defendant.

---------------------------------------------------------------------X

      This matter having come before the Court by stipulation of Plaintiffs, K. GRAEFE AND SONS CORP. d/b/a NORTH RIVER, SHIPYARD, and VAN HOUTEN HOLDING CORP., and Defendant VILLAGE OF UPPER NYACK, for the entry of a protective order, limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

      1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

      2.     Either party may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

(b) "Producing party" shall mean the parties to this action and any third- parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case maybe.

(c) "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4. The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other material as Confidential Information. If the Producing party does not agree to declassify such document or material, the Receiving party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5. Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) personnel of plaintiff or defendant actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation

of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(d) the Court and court personnel, if filed in accordance with paragraph 12 Hereof;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

(f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

(g) any other person agreed to by the parties.

6. Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph (c) hereof, counsel for the Receiving party shall provide the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said

deposition is received by counsel for each of the parties. At or before the end of such fifteen-day period, counsel may designate portions as Confidential Information if not otherwise so designated. If no designation is made, the presumptive designation as Confidential Information shall cease.

9. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof.

10. Any party who seeks to file with the Court any document that has been designated as comprising or containing Confidential Information shall request or move the Court to direct that such documents be filed under seal, following the Court's rules, procedures, and practices for making such a request or motion. Any document directed by the Court to be filed under seal in accordance with this paragraph shall be filed in accordance with the Court's rules, procedures, and practices.

11. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

12. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential° nature as provided in paragraphs 2 and/or 10 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

13. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

14. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

15. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil

4

Procedure, Southern District of New York (SDNY) Local Rules, and the Court's individual practices.

16. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action, except:

(a) that there shall be no restriction on documents that are used in Court (unless such exhibits are permitted by court order to be filed under seal or redacted); and

(b) that a party may seek the written permission of the Producing party or further order of the Court with respect to dissolution or modification of the Stipulation.

17. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

18. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, or satisfaction, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

19. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: January 31, 2023

Lawrence A. Garvey & Associates, PC

By: _____
Lawrence A. Garvey, Esq.
Attorney for Plaintiffs
317 S Little Tor Road
New City, New York 10956
T: 845-634-6404
lgarvey@laglawfirm.com

Silverman & Associates

By: _____
Deanna L. Collins, Esq.
Attorney for Defendant
445 Hamilton Avenue, Suite #1102
White Plains, New York 10601
T: 914-574-4510
DCollins@silvermanandassociatesny.com

SO ORDERED.

2/1/23

_____
CATHY SEIBEL, U.S.D.J.

6